ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
***Attorney for Defendant***
**SATICOY BAY, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> SATICOY BAY, LLC, <br><br> Defendant. | Case No.   2:16-cv-02242-JAD-BNW |

## ANSWER

COMES NOW, Defendant, SATICOY BAY, LLC, by and through its attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby answers Plaintiffs' Complaint as follows:

### I.   INTRODUCTION

1.     Answering Paragraph 1 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein and instead avers that the allegations of the Complaint speak for themselves.

2.     Answering Paragraph 2 of Plaintiffs' Complaint, Defendant neither admits nor denies the

allegations therein and instead avers that the provisions of HERA and specifically 12 U.S.C. §4617(j)(3) speak for themselves.

3.   Answering Paragraph 3 of Plaintiffs' Complaint, Defendant admits the allegations therein.

4.   Answering Paragraph 4 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

5.   Answering Paragraph 5 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

6.   Answering Paragraph 6 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

7.   Answering Paragraph 7 of Plaintiffs' Complaint, Defendant admits that the Ninth Circuit Court of Appeals incorrectly interpreted Nevada law in the matter of *Bourne Valley*, thereby determining NRS 116.3116 to be facially unconstitutional.  This decision has since been reversed.  On this basis, Defendant denies the remaining allegations therein in their entirety.

## II.   DEFINITIONS

8.   Answering Paragraph 8 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations not require a response.

9.   Answering Paragraph 9 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations not require a response.

10.   Answering Paragraph 10 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations not require a response.

11.   Answering Paragraph 11 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations not require a response.

12.   Answering Paragraph 12 of Plaintiffs' Complaint, Defendant neither admits nor denies

the allegations therein as said allegations not require a response.

### III.   PARTIES

13.   Answering Paragraph 13 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

14.   Answering Paragraph 14 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

15.   Answering Paragraph 15 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

16.   Answering Paragraph 16 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

17.   Answering Paragraph 17 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

18.   Answering Paragraph 18 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

19.   Answering Paragraph 19 of Plaintiffs' Complaint, Defendant admits that Saticoy Bay is a Nevada domestic limited liability company.  Defendant further avers that Saticoy Bay is a series limited liability company as authorized by NRS 86.296 with numerous series operating under it and that each series separately owning and holding real property pursuant to Nevada law must be sued in its own name pursuant to NRS 86.296(2)(c).

### IV.   JURISDICTION AND VENUE

20.   Answering Paragraph 20 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein and instead aver that the allegations of the Complaint speak for

themselves.

21.   Answering Paragraph 21 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations constitute conclusions of law.

22.   Answering Paragraph 22 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations constitute conclusions of law.

23.   Answering Paragraph 23 of Plaintiffs' Complaint, Defendant denies that none of the property at issue herein is the subject of Nevada state court litigation.  Saticoy Bay further avers that this Court lacks jurisdiction over that real property that is owned by any series that has not been individually sued herein as required by NRS 86.296(2)(c).

24.   Answering Paragraph 24 of Plaintiffs' Complaint, Defendant neither admits nor denies the allegations therein as said allegations constitute conclusions of law.  Saticoy Bay further avers that this Court lacks jurisdiction over any of its series that have not been individually sued herein as required by NRS 86.296(2)(c).

## V.   THE CONTROVERSY AND PLAINTIFFS' STANDING

25.   Answering Paragraph 25 of Plaintiffs' Complaint, Defendant admits that the Units listed in the Complaint were the subject of HOA Foreclosure Sales.   Defendant is without sufficient information to either admit or deny the remaining allegations therein.  On this basis, Defendant denies said allegations in their entirety.

26.   Answering Paragraph 26 of Plaintiffs' Complaint, Defendant admits that Saticoy Bay or an individual series operating under Saticoy Bay is the record owner of the Units identified in the Complaint.  Saticoy Bay further avers that this Court lacks jurisdiction over that real property that is owned by any series that has not been individually sued herein as required by NRS 86.296(2)(c).

27.   Answering Paragraph 27 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon

information and belief.

28.   Answering Paragraph 28 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

29.   Answering Paragraph 29 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

30.   Answering Paragraph 30 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

31.   Answering Paragraph 31 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

32.   Answering Paragraph 32 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

33.   Answering Paragraph 33 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

34.   Answering Paragraph 34 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

35.   Answering Paragraph 35 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

36.   Answering Paragraph 36 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

37.   Answering Paragraph 37 of Plaintiffs' Complaint, Defendant is without sufficient

information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

38.    Answering Paragraph 38 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

39.    Answering Paragraph 39 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

40.    Answering Paragraph 40 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

41.    Answering Paragraph 41 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon

1   information and belief.

2   42.   Answering Paragraph 42 of Plaintiffs' Complaint, Defendant is without sufficient

3       information to either admit or deny whether Fannie Mae or Freddie Mac purchased the

4       subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

5       admits that the subject property was ultimately transferred to Saticoy Bay or a series

6       operating thereunder.  Defendant admits the remaining allegations therein upon

7       information and belief.

8   43.   Answering Paragraph 43 of Plaintiffs' Complaint, Defendant is without sufficient

9       information to either admit or deny whether Fannie Mae or Freddie Mac purchased the

10      subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

11      admits that the subject property was ultimately transferred to Saticoy Bay or a series

12      operating thereunder.  Defendant admits the remaining allegations therein upon

13      information and belief.

14  44.   Answering Paragraph 44 of Plaintiffs' Complaint, Defendant is without sufficient

15      information to either admit or deny whether Fannie Mae or Freddie Mac purchased the

16      subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

17      admits that the subject property was ultimately transferred to Saticoy Bay or a series

18      operating thereunder.  Defendant admits the remaining allegations therein upon

19      information and belief.

20  45.   Answering Paragraph 45 of Plaintiffs' Complaint, Defendant is without sufficient

21      information to either admit or deny whether Fannie Mae or Freddie Mac purchased the

22      subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

23      admits that the subject property was ultimately transferred to Saticoy Bay or a series

24      operating thereunder.  Defendant admits the remaining allegations therein upon

25      information and belief.

26  46.   Answering Paragraph 46 of Plaintiffs' Complaint, Defendant is without sufficient

27      information to either admit or deny whether Fannie Mae or Freddie Mac purchased the

28      subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

47.  Answering Paragraph 47 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

48.  Answering Paragraph 48 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

49.  Answering Paragraph 49 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

50.  Answering Paragraph 50 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

51.  Answering Paragraph 51 of Plaintiffs' Complaint, Defendant is without sufficient

information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

52.   Answering Paragraph 52 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

53.   Answering Paragraph 53 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

54.   Answering Paragraph 54 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

55.   Answering Paragraph 55 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon

information and belief.

56.   Answering Paragraph 56 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

57.   Answering Paragraph 57 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

58.   Answering Paragraph 58 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

59.   Answering Paragraph 59 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

60.   Answering Paragraph 60 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant

admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

61.   Answering Paragraph 61 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

62.   Answering Paragraph 62 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

63.   Answering Paragraph 63 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Fannie Mae or Freddie Mac purchased the subject loan.  On this basis, Defendant denies said allegation in its entirety.  Defendant admits that the subject property was ultimately transferred to Saticoy Bay or a series operating thereunder.  Defendant admits the remaining allegations therein upon information and belief.

64.   Answering Paragraph 64 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegation in its entirety.

65.   Answering Paragraph 64 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegation in its entirety.

## VI.   CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### (Declaratory Relief)

66.   Answering Paragraph 66 of Plaintiffs' Complaint, Defendant repeats, realleges, and incorporates by reference herein, its Answers to Paragraphs 1 through 65 above, as though said paragraphs were fully set forth herein.

67.   Answering Paragraph 67 of Plaintiffs' Complaint, Defendant admits the allegations therein subject to the jurisdictional matters discussed herein.

68.   Answering Paragraph 68 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

69.   Answering Paragraph 69 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

70.   Answering Paragraph 70 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

71.   Answering Paragraph 71 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

72.   Answering Paragraph 72 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

73.   Answering Paragraph 73 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

74.   Answering Paragraph 74 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant

denies said allegations in their entirety.

75.    Answering Paragraph 75 of Plaintiffs' Complaint, Defendant is without sufficient
information to either admit or deny the allegations therein.  On this basis, Defendant
denies said allegations in their entirety.

76.    Answering Paragraph 76 of Plaintiffs' Complaint, Defendant denies the allegations
therein.

77.    Answering Paragraph 77 of Plaintiffs' Complaint, Defendant is without sufficient
information to either admit or deny the allegations therein.  On this basis, Defendant
denies said allegations in their entirety.

78.    Answering Paragraph 78 of Plaintiffs' Complaint, Defendant denies the allegations
therein.

## SECOND CAUSE OF ACTION

### (Quiet Title)

79.    Answering Paragraph 79 of Plaintiffs' Complaint, Defendant repeats, realleges, and
incorporates by reference herein, its Answers to Paragraphs 1 through 78 above, as
though said paragraphs were fully set forth herein.

80.    Answering Paragraph 80 of Plaintiffs' Complaint, Defendant admits the allegations
therein subject to the jurisdictional matters discussed herein.

81.    Answering Paragraph 81 of Plaintiffs' Complaint, Defendant admits that Saticoy Bay or
its individual series claim to own the real property at issue herein.  Saticoy Bay and/or its
individual series further dispute whether or not 12 USC §4617(j)(3) is applicable to the
various property.

82.    Answering Paragraph 82 of Plaintiffs' Complaint, Defendant is without sufficient
information to either admit or deny the allegations therein.  On this basis, Defendant
denies said allegations in their entirety.

83.    Answering Paragraph 83 of Plaintiffs' Complaint, Defendant is without sufficient
information to either admit or deny the allegations therein.  On this basis, Defendant
denies said allegations in their entirety.

84.    Answering Paragraph 84 of Plaintiffs' Complaint, Defendant denies the allegations therein.

85.    Answering Paragraph 85 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

86.    Answering Paragraph 86 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations therein.  On this basis, Defendant denies said allegations in their entirety.

87.    Answering Paragraph 87 of Plaintiffs' Complaint, Defendant denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant states that the allegations contained in the Complaint fail to state a cause of action against this answering party upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, the existence of which is expressly denied.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred as a result of the failure to satisfy conditions precedent.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims have been waived by the acts and conduct of the Plaintiffs and, therefore, Plaintiffs are estopped from asserting their claims against this answering party.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

The damages which are alleged to have been incurred by the Plaintiffs, if any, are the direct result, in whole or in part, of acts or omissions of the Plaintiffs and/or their authorized agents and representatives, and this answering party is not responsible for any such damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages which are alleged to have been incurred by the Plaintiffs, if any, are the direct result, in whole or in part, of acts or omissions of third parties over whom this answering party and/or its authorized agents and representatives have no control, and this answering party is not responsible for any such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is a bona fide purchasers for value.

**TENTH AFFIRMATIVE DEFENSE**

Any security interests that the Plaintiffs once possessed were extinguished as a matter of law at the time of the association foreclosure sale.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs have paid any sum of money to the applicable County Treasurer or otherwise in relation to the subject real properties, recovery of the same is barred by the Voluntary Payment Doctrine.

**TWELFTH AFFIRMATIVE DEFENSE**

Upon information and belief, Fannie Mae and/or Freddie Mac did not own the subject security interests on the dates of the applicable HOA Foreclosure Sales and 12 U.S.C. §4617 is therefore inapplicable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

12 U.S.C. §4617 is unconstitutional and therefore unenforceable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to property record and/or perfect their claimed security interests.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred at least with respect to a number of the real properties at issue herein as a result of their failure to name indispensable parties and real parties in interest.

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

     Defendant hereby incorporates by reference those affirmative defenses enumerated in

3

Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.  In the event further

4

investigation or discovery reveals the applicability of any such defenses, Defendant reserves the

5

right to seek leave of Court to amend its Answer to specifically assert the same.  Such defenses

6

are herein incorporated by reference for the specific purpose of not waiving the same.

7

**SEVENTEENTH AFFIRMATIVE DEFENSE**

8

     Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not

9

have been raised herein as sufficient facts were not available after reasonable inquiry upon the

10

filing of this Answer, and therefore, this answering Defendant reserves the right to amend its

11

answer to allege additional affirmative defenses if subsequent investigation so warrants.

12

     WHEREFORE, Defendant prays for judgment as follows:

13

    A.     That Plaintiffs take nothing by virtue of their Complaint;

14

    B.     For reasonable attorneys' fees and costs;

15

    C.     For such other and further relief as this Court may deem meet and proper.

16

     DATED this ____5th____ day of July, 2019.

17

                   ROGER P. CROTEAU & ASSOCIATES, LTD.

18

19

                   /s/ *Timothy E. Rhoda*
                   ROGER P. CROTEAU, ESQ.

20

                   Nevada Bar No. 4958
                   TIMOTHY E. RHODA, ESQ.

21

                   Nevada Bar No. 7878
                   9120 West Post Road, Suite 100

22

                   Las Vegas, Nevada 89148
                   (702) 254-7775

23

                   ***Attorney for Defendant***
                   **SATICOY BAY, LLC**

24

25

26

27

28

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___5th_____ day of July, 2019, I served via the United States District Court CM/ECF electronic filing system, the foregoing **ANSWER** to the following parties:

Kelly H Dove
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway
Las Vegas, NV 89169
(702) 784-5200
(702) 784-5252 (fax)
kdove@swlaw.com
*Attorney for Plaintiff*
*Federal National Mortgage Association*

Robin E Perkins
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
702-784-5238
702-784-5252 (fax)
rperkins@swlaw.com
*Attorney for Plaintiff*
*Federal National Mortgage Association*

Leslie Bryan Hart
Fennemore Craig, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501-
775-788-2228
lhart@fclaw.com
*Attorney for Plaintiff*
*Federal Housing Finance Agency and Federal*
*Home Loan Mortgage Corporation*

Amy F. Sorenson
Snell & Willmer, LLP
3883 Howard Highes Parkway, Suite 1100
Las Vegas, NV 89169
801-257-1907
801-257-1800 (fax)
asorenson@swlaw.com
*Attorney for Plaintiff*
*Federal National Mortgage Association*

John D. Tennert
Fennemore Craig, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501
775-788-2212
jtennert@fclaw.com
*Attorney for Plaintiff*
*Federal Housing Finance Agency and Federal*
*Home Loan Mortgage Corporation*

Erica J Stutman
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004
602-382-6000
602-382-6070 (fax)
estutman@swlaw.com
*Attorney for Plaintiff*
*Federal National Mortgage Association*

 */s/ Timothy E. Rhoda*
An employee of ROGER P. CROTEAU &
ASSOCIATES, LTD.