Amy F. Sorenson, Esq. (SBN 12495)
Kelly H. Dove, Esq. (SBN 10569)
Erica Stutman, Esq. (SBN 10794)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel: (702) 784-5200; Fax: (702)784-5252
asorenson@swlaw.com; kdove@swlaw.com;
estutman@swlaw.com
*Attorneys for Plaintiff Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert III, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501
Tel: (775) 788-2228; Fax: (775) 788-2229
lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiffs Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation*

Michael A.F. Johnson, Esq.
(Admitted *Pro Hac Vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000; Fax: (202) 942-5999
Michael.Johnson@arnoldporter.com
*Attorney for Plaintiff Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                Plaintiffs,<br><br>   v.<br><br>SATICOY BAY, LLC,<br><br>                Defendant. | Case No.: 2:16-cv-02242-JAD-BNW<br><br>**PLAINTIFFS' NOTICE OF NEW AUTHORITY IN SUPPORT OF THEIR RENEWED MOTION FOR SUMMARY JUDGMENT** |

1    Plaintiffs Federal Housing Finance Agency ("FHFA"), Federal Home Loan Mortgage
2    Corporation ("Freddie Mac"), and Federal National Mortgage Association ("Fannie Mae")
3    hereby submit the following notice of new authority, a recent published decision of the U.S.
4    Court of Appeals for the Ninth Circuit: *M&T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d
5    854 (9th Cir. 2020), attached hereto as **Exhibit A**.[1]  This decision resolves an issue central to the
6    summary judgment briefing in this case—whether Plaintiffs timely asserted their quiet-title and
7    declaratory-relief claims that invoke the Federal Foreclosure Bar as the rule of decision with
8    regard to four of the Properties.

9    In *M&T Bank*, the Ninth Circuit concluded that such claims are subject to a six-year
10   limitations period as a matter of federal law.  963 F.3d at 854 (citing 12 U.S.C. § 4617(b)(12)(A)
11   (the "HERA Limitations Provision")).

12   *First*, the Ninth Circuit confirmed that the HERA Limitations Provision applies to claims
13   brought by the Enterprises and their servicers, as well as FHFA, because an Enterprise "'stands
14   in the shoes of' the FHFA with respect to its current claims to quiet title to the deed of trust,
15   which is property of the conservatorship," and an Enterprise's servicer "stands in the same shoes
16   as its assignor," the Enterprise.  *Id.* (citations omitted).

17   *Second*, the Ninth Circuit concluded that under the HERA Limitations Provision, a six-
18   year limitations period for "contract"-like claims, not a three-year limitations period for "tort"-
19   like claims, applied.  *See id*.  The court reasoned that the claim was "entirely 'dependent' upon
20   Freddie Mac's lien on the property, an interest created by contract," and noted that the plaintiffs
21   did not "seek damages or claim a breach of duty resulting in injury to person or property, two of
22   the traditional hallmarks of a tort action."  *Id.*

23   *Third*, the Ninth Circuit held that "even if the question were closer," it would still apply
24   the six-year period, because federal policy mandates that "[w]hen choosing between multiple

---

[1]    Terms not defined herein shall take on the definition in Plaintiffs' Renewed Motion for Summary Judgment (ECF No. 47).

1

16111777/038236.0001

1  potentially-applicable statutes," the longer limitations period should apply.  *Id.* (quotation marks
2  and citation omitted).[2]

3  Plaintiffs offer the same arguments here, and the *M&T Bank* decision supplements the
4  authorities cited in Plaintiffs' Reply in Support of their Renewed Motion for Summary Judgment
5  (ECF No. 53) at 4-10.

### **CONCLUSION**

Plaintiffs respectfully request that the Court take *M&T Bank* into account when considering the merits of the pending motions, grant Plaintiffs' Renewed Motion for Summary Judgment, and declare that the HOA Sales did not extinguish the Enterprises' interests in the Properties.

DATED:  August 5, 2020.                              Respectfully submitted,

By:   /s/   Erica Stutman                             By:   /s/   Michael A.F. Johnson
      Erica Stutman                                          Asim Varma, Esq.
      SNELL & WILMER L.L.P.                                  Howard N. Cayne, Esq.
      One Arizona Center                                     Michael A.F. Johnson, Esq.
      400 East Van Buren Street,                             ARNOLD & PORTER
      Suite 1900                                               KAYE SCHOLER LLP
      Phoenix, AZ 85004                                      601 Massachusetts Ave., NW
      Tel: (602) 382-6230                                    Washington, DC 20001-3743
      estutman@swlaw.com                                     Tel: (202) 942-5000;
*Attorney for Federal National Mortgage*                     Fax: (202) 942-5999
*Association*                                                Asim.Varma@arnoldporter.com;
                                                             Howard.Cayne@arnoldporter.com;
By:   /s/   Leslie Bryan Hart                                Michael.Johnson@arnoldporter.com
      Leslie Bryan Hart, Esq. (SBN 4932)              *Attorneys for Federal Housing Finance Agency*
      John D. Tennert III, Esq. (SBN 11728)           (Admitted Pro Hac Vice)
      FENNEMORE CRAIG, P.C.
      300 E. Second St., Suite 1510
      Reno, NV 89501
      Tel: (775) 788-2228; Fax: (775) 788-2229
      lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Federal Housing Finance*
*Agency and Federal Home Loan Mortgage*
*Corporation*

---

[2]  The Ninth Circuit conducted substantially the same analysis, and reached the same conclusion, in three other recent decisions. *See Freddie Mac v. SFR Invs. Pool 1, LLC*, 810 F. App'x 589 (9th Cir. 2020) (unpublished disposition); *Nationstar Mortg. LLC v. Keynote Props., LLC*, 810 F. App'x 570 (9th Cir. 2020) (unpublished disposition); *Bourne Valley Ct. Tr. v. Wells Fargo Bank, NA*, 810 F. App'x 492 (9th Cir. 2020) (unpublished disposition).

16111777/038236.0001

## **CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on August 5, 2020, a true and correct copy of the **NOTICE OF NEW AUTHORITY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Timothy Rhoda   croteaulaw@croteaulaw.com

/s/   Pamela Carmon
An Employee of Fennemore Craig, P.C.

**EXHIBIT INDEX**

| DESCRIPTION | EXHIBIT |
|---|---|
| Published decision of the U.S. Court of Appeals for the Ninth Circuit: *M&T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d 854 (9th Cir. 2020) | A |
| | |
| | |
| | |

16111777/038236.0001