1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4 * * *

5 Federal Housing Finance Agency; et al., | Case No. 2:16-cv-02242-JAD-BNW

6 Plaintiffs,

7 v. | **ORDER**

8 Saticoy Bay, LLC,

9 Defendant.

10

11       Plaintiffs are the Federal Housing Finance Agency ("FFHA"), Federal National Mortgage

12 Association, and Federal Home Loan Mortgage Corporation. ECF No. 1. Before the Court is their

13 motion to amend the complaint to add certain series LLCs as defendants. ECF Nos. 75, 76.

14 Defendant responded at ECF No. 102. Plaintiffs replied at ECF No. 103. The Court resolves the

15 matter on the briefings, as it finds that oral argument is not necessary. For the reasons discussed

16 below, the Court grants Plaintiffs' motion.

17 **I.    BACKGROUND**

18       This is one of the many cases before our courts in which the Plaintiffs seek to quiet title

19 and a declaration that the foreclosure sale by a homeowners' association did not extinguish their

20 liens. *See* ECF No. 1 at 2. Plaintiffs filed their initial complaint in 2016 to confirm the validity of

21 deeds of trusts for over 30 properties against Defendant Saticoy Bay, LLC. *See* ECF No. 76 at 1.

22 Defendant is a master company comprised of smaller companies, called series LLCs, that operate

23 under its umbrella. *Id.* Each property at issue, apart from one, is owned by a series LLC. *See* ECF

24 No. 102 at 3. In their initial complaint, Plaintiffs only named Saticoy Bay, LLC as a defendant.

25 ECF No. 1.

26       Throughout this case, the parties have disputed whether Plaintiffs were required to name

27 the series LLCs as defendants. *See, e.g.*, ECF No. 66. In granting Plaintiffs' summary judgment

28 motion, the Court found that, under then existing Nevada law, Plaintiffs did not need to

1
2
3
4
5
6
7
8
9

individually sue the series LLCs. *See id.* (citing Nev. Rev. Stat. § 86.296(2)). Defendant appealed the decision to the Ninth Circuit, and it certified the question to the Nevada Supreme Court. ECF Nos. 67, 68. The Nevada Supreme Court held that "a series LLC created pursuant to NRS 86.296 must be sued in its own name . . .  provided the series LLC has observed the corporate formalities provided for in NRS 86.296(3)." *Fed. Hous. Fin. Agency v. Saticoy Bay LLC*, 139 Nev. Adv. Op. 15, 531 P.3d 1232, 1233 (2023). Consequently, the Ninth Circuit remanded the case to this Court for further findings. *See* ECF No. 71. The Court held a status conference to discuss the Ninth Circuit and Nevada Supreme Court rulings, and instructed Plaintiffs to move to amend their complaint to add the relevant series LLCs as defendants. ECF No. 74.

10
11
12
13
14
15

Plaintiffs contend that the Court should grant leave to amend because their claims are not futile, substantially prejudicial, or unduly delayed (and that, in any event, they have demonstrated good cause and excusable neglect). ECF No. 76 at 6–18; ECF No. 103 at 2–3. Defendant disputes each of Plaintiffs' arguments. ECF No. 102 at 8–11. The Court first addresses whether Plaintiffs have established good cause and excusable neglect before considering the parties' arguments on futility, prejudice, and undue delay.

16

**II.     DISCUSSION**

17

**A.  Good Cause and Excusable Neglect**

18
19
20
21
22
23
24
25
26
27

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in the Federal Rule of Civil Procedure 16(b). *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. Courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id*. The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

28

In addition to showing good cause, Plaintiffs must also establish that their failure to act was the result of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017); *see also* LR 26-3. Courts consider at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Plaintiffs moved to amend on November 17, 2023. ECF No. 75. Though the scheduling order set the deadline to amend the pleadings and add parties for September 24, 2019, Defendant filed an appeal after that deadline. *See* ECF No. 23 (Scheduling Order); ECF No. 62 (filing the Notice of Appeal on December 17, 2020). The Ninth Circuit's mandate was filed on August 22, 2023, and the district judge held a status conference regarding the judgment less than two months later. *See* ECF No. 71 (Ninth Circuit Mandate); ECF No. 74 (Minutes of Proceedings regarding Status Conference). At the conference, the district judge directed Plaintiffs to move to amend within 30 days. ECF No. 74.

Plaintiffs argue that good cause exists because they could not have complied with the original September 2019 deadline given that the Nevada Supreme Court opinion and subsequent Ninth Circuit mandate were not filed until 2023. ECF No. 76 at 7. They further argue that they were diligent in seeking amendment by following this Court's instructions to move to amend by November 17, 2023. *Id.* Defendant contends that Plaintiffs have not shown good cause because Defendant advised them to add the series LLCs before the amendment deadline passed. ECF No. 102 at 4. Defendant also contends that Plaintiffs have not shown excusable neglect under the four factors. *See id.* at 9–10. Plaintiffs reply that they have shown excusable neglect, even though the standard does not apply here. ECF No. 103 at 2.

As discussed above, both the good cause and excusable neglect standards must be met. First, the Court finds good cause because Plaintiffs have been diligent in seeking amendment. Until the Nevada Supreme Court ruled on the question, it was unclear whether Plaintiffs needed to sue each series LLC in its individual capacity. After the Nevada Supreme Court and Ninth Circuit rulings were entered, Plaintiffs complied with the district judge's instructions to move to amend within 30 days. In sum, the Court finds good cause for the delay because Plaintiffs could not have met the 2019 deadline, no matter how diligently they may have acted, given that the appellate court rulings came out years later. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Second, the Court finds that Plaintiffs' delay in moving to amend was the result of excusable neglect. Even though the four-year delay (factor two) is long, the reason for this delay (factor three) is excusable because the Plaintiffs did not know that they needed to add the series LLCs as defendants until the Nevada Supreme Court issued its decision in July of 2023. Moreover, the delay does not prejudice Defendant (factor one) because there are no new legal theories or claims, and because Plaintiffs seek to add series LLCs that Defendant expected to be part of the case. *See* ECF No. 102 at 4 (noting that Defendant repeatedly advised Plaintiffs to name indispensable parties, i.e., the series LLCs). Lastly, the Plaintiffs acted in good faith (factor four) by moving to amend in accordance with the Court's instruction at the status conference. *See* ECF No. 74. Accordingly, the Court finds that the reasons for Plaintiffs' delay in moving to amend satisfy the good cause and excusable neglect standards.

**B.  Rule 15**

If the movant has established good cause and excusable neglect, courts will then examine whether amendment is proper under Rule 15. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* "The party opposing the amendment bears the burden of showing why leave

should be denied, including the burden of establishing prejudice." *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (internal citations omitted). Here, the parties dispute futility, prejudice, and undue delay.

### i. Futility

When examining futility, courts apply an identical legal standard to the one under Federal Rule of Civil Procedure 12(b)(6). *See Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). Under this standard, the Court is "bound to accept" plead facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller*, 845 F.2d at 214. "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, Defendant argues that amendment is futile because the statute of limitations has run. ECF No. 102 at 11. Defendant states that 12 U.S.C. § 4617(b)(12)(A)(i), which provides a six-year statute of limitations, applies here. *Id.* Citing a Ninth Circuit case, Defendant argues that Plaintiffs' claims are time barred because a foreclosure sale triggers the statute of limitations to run. *Id.* (citing *M&T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). Plaintiffs argue that the Nevada Supreme Court's decision in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, should control, in which the court held that a HOA's foreclosure sale alone is not enough to trigger the statute of limitations under Nev. Rev. Stat. § 40.010. 503 P.3d 299, 306 (Nev. 2022); ECF No. 76 at 8. Relying on this case, Plaintiffs contend that the statute of limitations has not started to run because they have not received notice of an affirmative act by the series LLCs to repudiate the lien. ECF No. 76 at 8.

Alternatively, Plaintiffs argue that even if the statute of limitations has run, they should still be able to bring their claims against the series LLCs because these claims "relate[] back," under Rule 15(c). *Id.* at 10. Defendant argues that the proposed amendments do not relate back because the series LLCs did not have notice of the claims and did not know, nor should have known, that this action would be brought against them. ECF No. 102 at 12. Plaintiffs disagree. ECF No. 76 at 9–15.

Here, considering that the Court is "bound to accept" Plaintiffs' plead facts as true, it is not clear that Plaintiffs would not be able to plead valid claims. Moreover, Plaintiffs' and Defendant's arguments regarding the statute of limitations and Rule 15(c) issues would be better developed through a motion to dismiss or motion for summary judgment. Therefore, the Court finds that Plaintiffs' proposed amendments are not futile.

### ii.    Prejudice

Defendant argues that allowing Plaintiffs to add the series LLCs as defendants will be prejudicial because Defendant will need to continue litigating this case even though the Court has already rendered judgment on the property it owns. ECF No. 102 at 10–11. Plaintiffs argue that Defendant has not met its burden to establish substantial prejudice. ECF No. 103 at 9. Plaintiffs further argue that amendment will not substantially prejudice Defendant because no additional discovery is needed, and they are not introducing new facts or legal theories. *Id.*

Here, Plaintiffs' proposed amendment seeks the same claims under the same legal theories. Moreover, Defendant's interests are aligned with those of the proposed defendants, such that it will require little preparation to defend them. *See, e.g.*, *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners, LP*, No. CIV.A. 08-4564, 2010 WL 3431875, at *5 (E.D. Pa. Aug. 30, 2010) (holding that "adding Taubco as a defendant [] does not present new facts or legal theories which would prejudice the defendants by requiring them to engage in additional discovery and preparation to defend against them."). Additionally, Defendant likely expected the series LLCs to be part of the case because it repeatedly advised Plaintiffs to name the series LLCs as defendants. *See* ECF No. 102 at 4. Thus, the Court finds that Defendant has not met its burden to show prejudice.

1         **iii.**    **Undue Delay**

2         Defendant argues that the Court should deny leave to amend because Plaintiffs unduly

3 delayed by moving to amend four years after the 2019 deadline to amend pleadings. *Id.* at 10.

4 Plaintiffs counter that they had no reason to name the series LLCs as defendants under the law

5 until the Nevada Supreme Court opinion came out in July of 2023. ECF No. 103 at 2. When

6 assessing undue delay under Federal Rule of Civil Procedure 15, courts consider "whether the

7 moving party knew or should have known the facts and theories raised by the amendment in the

8 original pleadings." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Here,

9 Plaintiffs did not know, and had no reason to know, that they were obligated to sue the series

10 LLCs at the time they filed their original complaint because the Nevada Supreme Court had not

11 yet ruled on the issue. Thus, the Court does not find that Plaintiffs unduly delayed in seeking

12 amendment.

13         In sum, the Court holds that Defendant has not met its burden to show why the Court

14 should deny leave to amend. Following the Court's instruction, Plaintiffs seek to add the series

15 LLCs as defendants now because of the recent Nevada Supreme Court decision on the issue.

16 Given the liberal standards governing leave to amend, the Court grants Plaintiffs' motion.

17 **III.**    **CONCLUSION**

18         IT IS THEREFORE ORDERED that Plaintiffs' motion to amend (ECF No. 75) is

19 GRANTED.

20

21         DATED: May 30, 2024

22

23                               _____

24                               BRENDA WEKSLER
                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28