# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Federal Housing Finance Agency, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation, et al., <br><br> Plaintiffs <br><br> v. <br><br> Saticoy Bay, LLC, et al, <br><br> Defendants | Case No.: 2:16-cv-02242-JAD-BNW <br><br> **Order Resolving All Pending Motions, Directing the Entry of Final Judgment, and Closing Case** <br><br> [ECF Nos. 119, 128, 130, 132, 139, 140, 156, 157] |

This eight-year-old case is a remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association (HOA) assessments. A unique feature of Nevada law gave HOAs superpriority liens, so when an HOA properly foreclosed on their liens for those unpaid assessments, not only would the homeowners lose their homes, but the lenders too would lose because the deeds of trust securing the mortgages on those properties got extinguished. In the last decade of HOA litigation, however, the courts have recognized several exceptions to extinguishment.

One such exception is the Federal Foreclosure Bar in the Housing and Economic Recovery Act (HERA).[1] When the beneficiary of the foreclosed upon deed of trust is government-sponsored lender Fannie Mae or Freddie Mac,[2] and those lenders are under the

---

[1] 12 U.S.C. § 4617(j)(3).

[2] "Fannie Mae" is the better-known nickname for the Federal National Mortgage Association, and "Freddie Mac" is short for the Federal Home Loan Mortgage Corporation.

conservatorship of the Federal Housing Finance Agency (FHFA), as they have been since 2008, the deed of trust is not extinguished and instead survives the foreclosure sale unless the FHFA affirmatively relinquished that security interest.[3]

This case was first filed by the FHFA as conservator for Fannie Mae and Freddie Mac to seek a declaration that the deeds of trust securing the mortgages on 33 homes bought at foreclosure by real-estate investment company Saticoy Bay, LLC and its sub-entities for a fraction of the mortgage balances continue to encumber those properties. After extensive discovery and briefing, I granted that relief in late 2020 and entered summary judgment in favor of the lenders, quieting title on all 33 properties based on the Federal Foreclosure Bar.[4]

But title to 32 of those homes was not held by Saticoy Bay, LLC itself but rather by its sub-entities known under Nevada Revised Statute (NRS) 86.286 as "series" LLCs. Single-purpose entities created for each individual property, these series LLCs have names like "Saticoy Bay LLC, Series 108 Boysenberry Lane." The 2020 quiet-title judgment was entered against the master Saticoy Bay, LLC entity only, and it argued on appeal that this court lacked jurisdiction to grant relief with respect to the individual series LLCs' properties.[5] The Ninth Circuit panel certified the question to the Nevada Supreme Court, which answered that a series LLC that observes the statutory formalities must be sued in its own name for a court to obtain jurisdiction over it and its property.[6] So while the panel affirmed my entry of summary judgment in favor of the lenders on the one property owned by the master LLC, it reversed and remanded for further

---

[3] *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017) (holding that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision").

[4] ECF No. 61 (judgment); ECF No. 66 (transcript of motion hearing).

[5] ECF No. 69 at 2 (Ninth Circuit mem. disposition).

[6] *Fed. Hous. Fin. Agency v. Saticoy Bay LLC*, 531 P.3d 1232, 1235 (Nev. 2023) (answering certified question from the Ninth Circuit).

proceedings on the remaining homes.[7]  With that new guidance from Nevada's High Court on the impact and operation of NRS 86.286, the lenders promptly and successfully moved for leave to amend the complaint in this case to add the individual series LLC owners as defendants.[8]

So eight years after this case began and four years after I found that the Federal Foreclosure Bar prevented the deeds of trust on these properties from being extinguished at foreclosure, we now return to these issues.  The master LLC moves for summary judgment, arguing that it should be released from this case because the Ninth Circuit affirmed this court's grant of judgment on the one property in this case that it owns and with the series LLCs in the case, it no longer needs to be.[9]  Two of the series LLCs ask for summary judgment in their favor because the loans on their properties have been reconveyed, mooting the claims against them.[10]

The lenders also move for summary judgment.[11]  They note that the only thing that's changed since this court granted judgment on all of these properties in their favor is the pool of defendants, which has widened to include the series LLCs underneath the original, master LLC against whom judgment was entered—and affirmed on appeal.  And they argue that the evidence that established without genuine dispute that these properties bought at foreclosure were subject to the deeds of trust securing the lenders' mortgages still does.  But the series LLCs ask the court to reopen discovery, which was completed before this court granted summary judgment back in 2020, contending that the lenders' continued inclusion of the two properties despite

---

[7] ECF No. 69 at 3.

[8] ECF Nos. 75, 76, 117.

[9] ECF No. 119.

[10] ECF Nos. 128, 139.

[11] ECF No. 130.

reconveyances means they can't be trusted.[12]  They also move to dismiss the amended complaint, theorizing that adding the series LLCs as defendants more than six years after their respective foreclosure purchases violated the six-year statute of limitations for quiet-title claims.[13]

I deny the series LLC defendants' motion to dismiss the claims against them as untimely because they have not established that the statute of limitations accrued more than six years before they were brought into this case.  I deny the master LLC's motion to be released from this case because it has not established that the series LLCs have satisfied the statutory requirements for separate treatment.  But I find that the reconveyance of the deeds of trust on the Bear Springs and Belmont Lake properties entitles Saticoy Bay and the series LLCs to partial summary judgment in their favor as to those parcels.  I then grant the plaintiff lenders' motion for summary judgment on all other properties because the record establishes without genuine dispute that the Federal Foreclosure Bar saved their deeds of trust from extinguishment during the HOA foreclosure sales, and the defendants have not shown that further discovery could change that.  Finally, because this order leaves no claims pending, I deny the remaining motions as moot.

## Analysis

### A.    The defendants have not established that the claims against the series LLCs are untimely [ECF No. 132].

The series LLCs ask this court to dismiss the claims against them or grant summary judgment in their favor because the statute of limitations on quiet-title claims based on the Federal Foreclosure Bar is six years, and they were brought into this case more than six years

---

[12] ECF No. 151.

[13] ECF No. 132.

4

after the foreclosure sales on their respective properties.[14]  So they argue that the claims against

them are fatally time-barred.  But as the lenders argue, this simplistic approach to the accrual of

such claims is unsound.

All parties agree that the lenders' claims here are governed by the six-year statute of

limitations in § 4617(b)(12)(A)(i)(I) of HERA, stated as "the 6-year period beginning on the date

on which the claim accrues . . . ."[15]  The series LLCs contend that these claims accrued at the

time of each foreclosure sale, all of which transpired more than six years before the lenders filed

their amended complaint on June 24, 2024.[16]  For that legal proposition they rely on two cases

from 2020: *M&T Bank v. SFR Investments Pool 1, LLC* and *JPMorgan Chase Bank v. SFR*

*Investments Pool 1, LLC.*[17]

But neither case supplies such a rule.  Both answered the question—undecided at that

point in the evolution of HOA-litigation—of whether quiet-title claims like these are governed

by HERA's six-year statute of limitations that applies to contract claims or its three-year

deadline for tort claims.  Reasoning "that claims seeking to enforce the Federal Foreclosure Bar

sound more in contract than in tort,"[18] both the Ninth Circuit Court of Appeals in *M&T Bank* and

the Nevada Supreme Court in *JPMorgan Chase Bank* concluded that the six-year statute of

limitations applies.[19]

---

[14] *Id.*

[15] 12 U.S.C. § 4617(b)(12)(A)(i)(I).

[16] *Id.* at 6.

[17] *Id.*

[18] *JPMorgan Chase Bank v. SFR Invs. Pool 1, LLC,* 475 P.3d 52, 56 (Nev. 2020).

[19] *Id.*; *M&T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 859 (9th Cir. 2020).

Although both courts found that the lenders' suits were timely because they were filed within six years of the foreclosure sales, neither addressed the question of when such a quiet-title claim accrues for purposes of triggering the statutory period.[20]  That question was not answered until 2022 in *U.S. Bank v. Thunder Properties, Inc.*, when the Nevada Supreme Court held that "the limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence."[21]  The Court reasoned that the statute of limitations should not run against a lienholder until it has something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien."[22]  So "[t]he HOA foreclosure sale, standing alone, is not sufficient to trigger the period. . . .  To rise to the level that would trigger the limitations period, something more is required."[23]

The series LLCs argue that *Thunder Properties* has no application here because that quiet-title claim was brought by a private lender, not Fannie Mae or Freddie Mac, so it did not involve the Federal Foreclosure Bar.[24]  While it is true that the Court in *Thunder Properties* evaluated accrual of these HOA-foreclosure quiet-title claims in the context of Nevada's four-year catchall limitations period, nothing about that statute distinguishes it from HERA's six-year one in a way that would counsel a different accrual rule.[25]  Both limiting statutes apply generally and to a broad swath of claims.  And because § 4617(b)(12)(A)(i)(I) dictates that its six-year

---

[20] *See JPMorgan Chase*, 475 P.3d at 57; *M&T Bank*, 963 F.3d at 859.

[21] *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299, 306 (Nev. 2022) (answering certified question from the Ninth Circuit on case originating from the District of Nevada).

[22] *Id*.

[23] *Id*. at 306–07.

[24] ECF No. 132 at 8, ECF No. 154 at 6.

[25] *Compare* Nev. Rev. Stat. § 11.220 *with* 12 U.S.C. § 4617(b)(12)(A)(i).

period "begin[s] on the date on which the claim accrues," and here "the claim" is one that the Nevada Supreme Court has held requires "something more" than the foreclosure sale to accrue, I find that § 4617(b)(12)(A)(i)(I)'s six-year limitations period for the lenders' claim against the series LLC defendants did not begin to run until "something more" like "repudiation of the lien" occurred, not merely the HOA foreclosure sales. The earliest possible act of repudiation in this record would be the master LLC's filing of its answer in this case on July 5, 2019, denying many of the lenders' allegations.[26] Because the amended complaint naming the series LLCs was filed less than six years later on June 25, 2024,[27] the claims against these newly added defendants are timely.[28] So I deny the motion to dismiss these claims as time-barred.

**B.** **The series LLCs that own the properties on which the lenders have reconveyed deeds of trust are entitled to summary judgment in their favor [ECF Nos. 128, 139].**

Over the long life of this case, the mortgages on a handful of these properties have been paid off and the related deeds of trust have been reconveyed. This development has mooted the claim as to those properties, as the plaintiffs recognize.[29] In fact, the plaintiffs have recorded releases of the lis pendens on those properties and filed corresponding notices of the releases in this case.[30] So the series LLCs that hold title to two such properties move for summary

---

[26] *See* ECF No. 20.

[27] ECF No. 118 (first-amended complaint).

[28] Because I find the claims timely based on this accrual theory, I need not and do not reach the question of whether the filing of the amended complaint relates back to the original.

[29] Because there was already a final judgment with respect to the Rushing Creek property, this is not true for that claim. *See infra* at n. 69.

[30] ECF Nos. 149–150 (notices of release of lis pendens). The plaintiffs concede in their motion for summary judgment that they "no longer have an interest in" these properties. ECF No. 130 at n.2.

judgment in their favor, releasing them from this case.[31]  Because this undisputed record demonstrates that the plaintiffs no longer have a security interest in 5738 Bear Springs Street or 11489 Belmont Lake 106, there is no longer a case or controversy over those parcels or against the single-property series LLCs that hold title to them.  So I grant partial summary judgment in favor of Saticoy Bay, LLC Series 5738 Bear Springs Street and Saticoy Bay, LLC Series 11489 Belmont Lake 106 as to all claims against them, and also in favor of the master LLC as to these two properties only.

**C.    The master LLC is not entitled to complete summary judgment in its favor or dismissal from this suit.**

In a separate motion for summary judgment, the master LLC asks this court to dismiss it from this case because the Ninth Circuit affirmed this court's grant of summary judgment on the only property in this case that it holds title to—372 Rushing Creek Court—leaving no reason for it to stay in this case.[32]  The lenders oppose the motion, arguing that it has not been established that the master LLC is not a proper defendant with respect to the remaining properties.  They offer two reasons for this: (1) the master LLC is the alter ego of each of the individual series LLCs and the defendants; and (2) when answering the certified question in this case, the Nevada Supreme Court held that a series LLC must be sued in its own name, not the name of the master LLC, "provided [that] the series LLC has observed the corporate formalities provided for in NRS 86.296(3),"[33] and the defendants have not even attempted to show that the series LLCs observed those statutory formalities.[34]

---

[31] ECF Nos. 128, 139.

[32] ECF No. 119.

[33] *FHFA*, 531 P.3d at 1235.

[34] ECF No. 123.

The plaintiffs have not shown that the master LLC is an alter ego of any of these series LLCs. They offer little more than conclusory statements about the relationship between all of the defendant entities, pointing out that it was made clear in various other cases that one person, Iyad Haddad, is at the center of all Saticoy Bay entities as their owner and manager.[35] But these inferences fall far short of establishing without genuine dispute that the master LLC is the alter ego of any one of the individual series LLCs in this case under NRS 86.376, which provides that "[a] person acts as the alter ego of a limited-liability company only if: (a) the limited-liability company is influenced and governed by the person; (b) there is such unity of interest and ownership that the limited-liability company and the person are inseparable from each other; and (c) adherence to the notion of the limited-liability company being an entity separate from the person would sanction fraud or promote manifest injustice."[36]

But nor have the defendants established that any of the series LLCs observed the statutory formalities such that the court cannot obtain jurisdiction over them through the master LLC. The Nevada Supreme Court explained in *A Cab, LLC v. Murray* that "series entities under the umbrella of a series LLC either exist or not based on their compliance with NRS 86.296."[37] This is typically shown through "the operating agreement or articles of organization and through the practice of separate and distinct record-keeping and accounting."[38] The defendants offer none of this; the only evidence that the master LLC offers in support of this motion is the reconveyance of the lien on the Rushing Creek Court property.[39] So Saticoy Bay, LLC has not

---

[35] *Id*. at 10.

[36] Nev. Rev. Stat. § 86.376(2).

[37] *A Cab, LLC v. Murray*, 501 P.3d 961, 978 (Nev. 2021) (cleaned up).

[38] *Id*. at 977.

[39] ECF No. 119-1.

1  met its burden to show that it should be dismissed from this suit, and its motion for summary

2  judgment is thus denied.

3

4  **D.**  **The lenders are entitled to summary judgment in their favor on the remaining properties because the Federal Foreclosure Bar saved the deeds of trust from extinguishment [ECF No. 130].**

5

6          ***1.***    ***The Federal Foreclosure Bar prevents Freddie Mac and Fannie Mae deeds of trust from being extinguished without the FHFA's consent.***

7          Nevada law holds that a properly conducted nonjudicial foreclosure sale by a

8  homeowners' association to enforce a superpriority lien extinguishes the first deed of trust.[40]

9  But when that deed of trust belongs to Freddie Mac or Fannie Mae, and the foreclosure sale

10  occurs while that lender is under the conservatorship of the FHFA and without that agency's

11  consent, federal law shields that security interest from extinguishment.  That shield, found at 12

12  U.S.C.  § 4617(j)(3) of HERA, is known as the Federal Foreclosure Bar, and its impact in

13  Nevada HOA-foreclosure cases has been well established since 2017 when the Ninth Circuit

14  held in *Berezovsky v. Moniz* that "the Federal Foreclosure Bar supersedes the Nevada

15  superpriority lien provision."[41]

16

17

18

19

20

---

21  [40] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

22  [41] *See Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017) (holding that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision," preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust while this lender is under the FHFA's conservatorship).

1
2

**2.      The plaintiffs have established without material dispute that the Federal Foreclosure Bar prevented the deeds of trust on the remaining properties from being extinguished in the HOA foreclosure sales.**

3        All of the remaining properties in this case were the subject of HOA foreclosures from
4  2012–2016.[42]  The FHFA, Freddie Mac, and Fannie Mae bring this quiet-title action,[43] seeking a
5  determination that the Federal Foreclosure Bar prevented the deeds of trust of which they are the
6  beneficiaries from being extinguished through those foreclosures.  Four years ago I found that
7  the plaintiffs had established on summary judgment that the Federal Foreclosure Bar prevented
8  their deeds of trust on all of these properties from extinguishment.[44]  I found no genuine dispute
9  "that the deeds of trust belonged to Fannie and Freddie at the time of the foreclosure sale" or
10  summary judgment, and that any challenge to the ownership of those security interests was
11  "mere speculation or metaphysical doubt," that the Nevada Supreme Court and Ninth Circuit had
12  affirmed judgments on near-identical records in other cases, and that there was no "legitimate
13  dispute that these agencies did not consent to wiping out Fannie and Freddie's deeds of trust
14  through these foreclosures."[45]  The Ninth Circuit affirmed my ruling as to the one property for
15  which the master LLC was the titleholder,[46] but it reversed "with respect to the other properties

16
17
18

---

[42] *See* ECF No. 132 at 7–8.

19
20
21  [43] Although the plaintiffs frame their amended complaint with two claims labeled "Declaratory Relief" and "Quiet Title," they are redundant because both seek a determination that the Federal Foreclosure Bar prevented the lenders' deeds of trust from being extinguished in the HOA foreclosure sales, so the liens continue to encumber these properties.  *Compare* ECF No. 118 ¶¶ 102–103 *with* ECF No. 118 ¶¶ 109–111.  So I construe these claims as a single quiet-title claim that seeks a declaratory judgment.

22  [44] ECF No. 66 at 26–29 (transcript of 2020 summary-judgment hearing).

23  [45] *Id*. at 26–28.

[46] ECF No. 69 at 3.

11

owned by the series LLCs" and remanded "for whatever further proceedings" [this court deemed] appropriate" for those properties.[47]

With nothing material having changed except the pool of defendants, the lenders renew their request for summary judgment on those remaining properties.[48]  They do so with essentially the same evidence on which I granted summary judgment last time.[49]  Viewed in the light most favorable to the non-movants,[50] this evidence still establishes for each of the remaining 30 properties that the plaintiff lenders are entitled to a declaration that the first deeds of trust on these properties survived the HOA foreclosures based on the Federal Foreclosure Bar.[51]

The business records of Fannie Mae and Freddie Mac (authenticated by declarants Felicia Miller[52] and Dean Meyer[53]), along with the property records[54] of which this court may—and does—take judicial notice, show without genuine dispute that these government-sponsored lenders were the beneficial owners of the deeds of trust for these properties at all relevant times. This is the same type and caliber of evidence that the Ninth Circuit and Nevada Supreme Court found to establish these lenders' interest in seminal cases like *Berezovsky*[55] and *Daisy Trust v.*

---

[47] *Id*.

[48] ECF No. 130.

[49] *Id*. at 6–7; ECF No. 130-2 (charts summarizing the evidence that is attached to the lenders' motion for summary judgment).

[50] *Kaiser Cement Corp. v. Fishbach & Moore, Inc*., 793 F.2d 1100, 1103 (9th Cir. 1986).

[51] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed R. Civ. P. 56(c)) (summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

[52] ECF No. 130-3 (Decl. of Felicia Miller).

[53] ECF No. 130-8 (Decl. of Dean Meyer).

[54] ECF Nos. 130-14–130-32 (real property records).

[55] *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).

1    *Wells Fargo Bank*,[56] and I find it similarly sufficient here.  It is also the very same type of

2    evidence on which the Ninth Circuit panel affirmed my grant of summary judgment against the

3    master LLC on 372 Rushing Creek Court.[57]  And there is no evidence in the record that the

4    FHFA gave its consent to wiping out these lenders' interests through the HOA foreclosures on

5    any of these properties.  So under the now well-established law of this circuit and Nevada, the

6    Federal Foreclosure Bar prevented these deeds of trust from extinguishment as a matter of law.[58]

7

8         ***3.      The defendants' FRCP 56(d) request to reopen discovery does not compel***
              ***the denial of summary judgment or a delay of the court's decision.***

9         The defendants did not file a substantive opposition to the merits of plaintiffs' motion for

10   summary judgment; they filed only a motion for discovery under FRCP 56(d).  That rule allows

11   the court to defer or deny a motion for summary judgment if the "nonmovant shows by affidavit

12   or declaration that, for specified reasons, it cannot present facts essential to justify its

13   opposition."[59]  The series LLC defendants offer two central arguments under Rule 56(d): (1)

14   they haven't been given the opportunity to conduct discovery since they were brought into this

15   case by the amended complaint earlier this year; and (2) the fact that the plaintiffs included in the

16   amended complaint two properties on which the deeds of trust have been satisfied and

17   reconveyed means they can't "be trusted," so the defendants should get the chance to "conduct

18

19

20

---

21   [56] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850 (Nev. 2019).

22   [57] *See* ECF No. 69 at 3 ("We affirm the judgment with respect to 372 Rushing Creek Court, owned by Saticoy.").

23   [58] *See Fed. Nat'l Mortg. Ass'n v. Casa Mesa Villas Homeowners Ass'n*, 839 F. App'x 45, 48 (9th Cir. 2020) (referring to these rules as "[c]lear precedent").

[59] Fed. R. Civ. P. 56(d).

1  discovery to determine whether the plaintiffs are seeking judgment against any additional

2  properties in which they lack an interest."[60]

3        Although discovery was not reopened after the plaintiffs amended the complaint to add

4  the series LLCs, these newly added defendants have not shown that it was necessary to do so.

5  The vast majority of the documents on which summary judgment is merited are public real

6  property records equally accessible to both sides.  Moreover, all of the documents obtained in the

7  pre-amendment discovery process[61] are available to the newly added series LLC defendants

8  because they are represented by the master LLC's lawyers at Roger P. Croteau & Associates,

9  Ltd., who have represented the master LLC since it first appeared in this case in 2019.[62]  So the

10  series LLCs' claim that they lack any information regarding the loans and deeds of trust[63] is just

11  false.

12        Nor does the fact that the deeds of trust on some of the properties have been satisfied and

13  reconveyed justify further discovery.  The parties in the best position to know whether these

14  mortgages have been paid off are the titleholder-defendants, as it is unlikely that any of these

15  liens have been satisfied by a stranger to the title.  If the liens were satisfied, it's likely because

16  the series LLCs that own them paid off the mortgages, like the master LLC did for the Rushing

17  Creek Court property.[64]  Plus, any reconveyances would likely be recorded and thus matters of

18

19  [60] ECF No. 140 at 6 (cleaned up).

20  [61] Discovery had been ongoing before summary judgment was granted in 2020.  *See, e.g.,* ECF
    No. 23 (discovery plan/scheduling order); ECF No. 26 (motion to compel discovery responses);
    ECF No. 29 (response to motion to compel).

21  [62] *See* ECF No. 20 (Saticoy Bay, LLC's answer).

22  [63] ECF No. 140 at 7.

23  [64] *See* ECF No. 119 at 3 (wherein the master LLC states, "Saticoy Bay, LLC has caused the first
    deed of trust recorded against the Rushing Creek Court Property to be fully satisfied and
    released.").

1  public record available without the need for discovery given that NRS 107.077 requires the

2  public recordation of a reconveyance within 45 days after a deed-of-trust-secured debt is paid

3  off.[65]  So the defendants have not satisfied Rule 56(d) by identifying facts that require further

4  discovery before they can fairly present them in opposition to the lenders' motion for summary

5  judgment.

6        Mostly the defendants theorize that the lenders' inclusion of properties on which

7  reconveyances were recorded makes the lenders generally "not trustworthy," in turn making all

8  of their evidence on summary judgment untrustworthy.[66]  But they don't identify any of the

9  lenders' summary-judgment exhibits that are specifically suspect, offering instead just their

10 blanket distrust.[67]  As the Ninth Circuit held in *Berezovsky* when rejecting an identical challenge,

11 the titleholder "must have shown more than 'metaphysical doubt as to the material facts,'" and

12 the defendants here have not done so.[68]  So I deny the Rule 56(d) motion for discovery and enter

13 summary judgment in favor of the lenders on the remaining 30 properties.

14

15

16 [65] Nev. Rev. Stat. § 107.077(2).

17 [66] ECF No. 140 at 9–10.

18 [67] The Saticoy Bay master LLC offered the same challenge in the last round of summary
   judgment.  That challenge was rejected—and summary judgment was affirmed by the Ninth
   Circuit as to the master LLC on the very same type and caliber of evidence.  *See* ECF No. 38 at
19 14 ("The fact that the Plaintiffs have in the past erroneously made false allegations of ownership
   and/or the applicability of the Federal Foreclosure Bar related to other real property at the time of
20 a HOA foreclosure sale indicates at best that their business records are not infallible.  It is for this
   reason that discovery is necessary in this matter. The Defendant cannot be expected to simply
21 accept the Plaintiffs' claims at face value without any opportunity to investigate."); ECF No. 66
   at 28 ("I find that any argument that Saticoy raises about the ownership of these interests is mere
22 speculation or metaphysical doubt that creates no genuine issue of fact . . . ."); ECF No. 69 at 3
   (affirming the judgment on the Rushing Creek Court property "owned by Saticoy").

23 [68] *Berezovsky*, 869 F.3d at 933 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
   U.S. 574, 586 (1986)).

**Conclusion**

IT IS THEREFORE ORDERED that:

- The Series LLC Defendants' motion to dismiss or for summary judgment **[ECF No. 132] is DENIED**;

- Saticoy Bay, LLC's motion for summary judgment **[ECF No. 119] is DENIED**;

- The motions for summary judgment with respect to 11489 Belmont Lake 106 and 5738 Bear Springs Street **[ECF Nos. 128, 139] are GRANTED.** With good cause appearing and no reason to delay, **IT IS ORDERED that the Clerk of Court is directed to ENTER Partial Final Judgment in favor of defendants Saticoy Bay, LLC; Saticoy Bay, LLC Series 11489 Belmont Lake 106; and Saticoy Bay, LLC Series 5738 Bear Springs Street as to the plaintiffs' claims on the properties located at 11489 Belmont Lake 106 and 5738 Bear Springs Street only**;

- Defendants' motion for discovery under FRCP 56(d) **[ECF No. 140] is DENIED** and the plaintiffs' motion for summary judgment **[ECF No. 130] is GRANTED**. **The Clerk of Court is directed to ENTER FINAL JUDGMENT** in favor of the plaintiffs DECLARING that because the Federal Foreclosure Bar at 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deeds of trust on the 30 remaining properties[69] listed in Exhibit A to this order during their respective HOA foreclosure sales, plaintiffs are entitled to a declaration that the deeds of trust on those properties survived the foreclosure sales, and the foreclosure-sale

---

[69] The Rushing Creek Court property was the subject of final judgment previously and that judgment was affirmed on appeal. ECF Nos. 61, 69. So it is not included in this order a second time.

purchasers acquired the properties listed in Exhibit A subject to those deeds of trust and **CLOSE THIS CASE**; and

- Because this order resolves all pending claims, IT IS FURTHER ORDERED that the Stipulated Discovery Plan and Scheduling Order and Motion to Stay Discovery **[ECF Nos. 156, 157] are DENIED** without prejudice as moot.

Dated: December 23, 2024

_____
U.S. District Judge Jennifer A. Dorsey

**EXHIBIT A**

| | Property Address | APN | Foreclosure-sale purchaser |
|---|---|---|---|
| 1 | 108 Boysenberry Lane Henderson, NV | 177-13-215-042 | Saticoy Bay LLC, Series 108 Boysenberry Lane |
| 2 | 1109 Storke Lane Las Vegas, NV | 138-30-614-013 | Saticoy Bay LLC, Series 1109 Storke Lane |
| 3 | 1120 Observation Drive, Unit 101 Las Vegas, NV | 138-28-615-013 | Saticoy Bay LLC Series 1120 Observation |
| 4 | 11478 Ogden Mills Drive, Unit 104 Las Vegas, NV | 164-02-224-144 | Saticoy Bay LLC Series 11478 Ogden Mills |
| 5 | 1489 Silver Sunset Drive Henderson, NV | 191-02-718-068 | Saticoy Bay LLC Series 1489 Silver Sunset |
| 6 | 188 Almond Ridge Place Henderson, NV | 179-17-116-030 | Saticoy Bay LLC Series 188 Almond Ridge |
| 7 | 2301 Shady Hill Avenue Las Vegas, NV | 139-20-715-026 | Saticoy Bay LLC Series 2301 Shady Hill |
| 8 | 25 Newburg Avenue Las Vegas, NV | 139-03-710-052 | Saticoy Bay LLC Series 25 Newburg |
| 9 | 3546 Alcudia Bay Avenue Las Vegas, NV | 191-05-114-030 | Saticoy Bay LLC Series 3546 Alcudia Bay |
| 10 | 4736 Nara Vista Way, Unit 104 Las Vegas, NV | 163-23-411-047 | Saticoy Bay LLC Series 4736 Nara Vista Way # 104 |
| 11 | 4738 Mountain Valley Road Las Vegas, NV | 162-24-810-057 | Saticoy Bay LLC Series 4738 Mountain Valley |
| 12 | 4946 Mozart Drive Las Vegas, NV | 163-12-817-052 | Saticoy Bay LLC Series 4946 Mozart |
| 13 | 5751 East Hacienda Avenue, Unit 190, Las Vegas, NV | 161-28-712-174 | Saticoy Bay LLC Series 5751 East Hacienda |
| 14 | 6425 Winter Moon Street North Las Vegas, NV | 124-22-414-055 | Saticoy Bay LLC Series 6425 Winter Moon |
| 15 | 677 Principle Point Avenue Henderson, NV | 178-23-615-085 | Saticoy Bay LLC Series 677 Principle Point |
| 16 | 7413 West Russell Road, Unit 107 Las Vegas, NV | 163-34-113-013 | Saticoy Bay LLC Series 7413 West Russell |
| 17 | 9178 Sleeping Tree Street Las Vegas, NV | 177-22-618-039 | Saticoy Bay LLC Series 9178 Sleeping Tree |
| 18 | 1104 Pinto Rock Lane, Unit 201 Las Vegas, NV | 138-28-511-007 | Saticoy Bay LLC Series 1104 Pinto Rock |
| 19 | 1915 Winter Hill Street Las Vegas, NV | 139-20-715-081 | Saticoy Bay LLC Series 1915 Winter Hill St |
| 20 | 3421 Rose Valley Street North Las Vegas, NV | 139-09-314-055 | Saticoy Bay LLC Series 3421 Rose Valley |
| 21 | 1541 Mount Noble Court Henderson, NV | 178-16-712-050 | Saticoy Bay LLC Series 1541 Mount Noble |
| 22 | 200 Hoover Avenue Unit 1910 Las Vegas, NV | 139-34-412-140 | Saticoy Bay LLC Series 200 Hoover |

**EXHIBIT A**

| 23 | 2121 Blue Breeze Drive, Unit 102<br>Las Vegas, NV | 138-21-613-251 | Saticoy Bay LLC Series 2121<br>Blue Breeze |
| --- | --- | --- | --- |
| 24 | 4801 Fiesta Lakes Street<br>Las Vegas, NV | 125-36-812-033 | Saticoy Bay LLC Series 4801<br>Fiesta Lakes |
| 25 | 6701 Cobre Azul Avenue, Unit 102<br>Las Vegas, NV | 138-10-614-106 | Saticoy Bay LLC Series 6701<br>Cobre Azul |
| 26 | 1401 Linnbaker Lane, Unit 103<br>Las Vegas, NV | 140-30-519-029 | Saticoy Bay LLC Series 1401<br>Linnbaker |
| 27 | 2604 Golden Sands Drive<br>Las Vegas, NV | 138-16-713-037 | Saticoy Bay LLC Series 2604<br>Golden Sands |
| 28 | 5032 Whistling Acres Avenue<br>Las Vegas, NV | 125-12-611-014 | Saticoy Bay LLC Series 5032<br>Whistling Acres |
| 29 | 7720 Secret Shore Drive, Unit 206<br>Las Vegas, NV | 138-21-613-467 | Saticoy Bay LLC Series 7720<br>Secret Shore |
| 30 | 8304 Broad Peak Drive<br>Las Vegas, NV | 125-10-310-085 | Saticoy Bay LLC Series 8304<br>Broad Peak |