**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Federal Housing Finance Agency, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation, et al., | Case No.: 2:16-cv-02242-JAD-BNW |
| Plaintiffs | **Order Denying Motion to Alter or Amend Judgment** |
| v. | |
| Saticoy Bay, LLC, et al, | [ECF No. 166] |
| Defendants | |

This was a quiet-title action brought by the Federal Housing Finance Agency as the conservator for government-sponsored lenders Fannie Mae and Freddie Mac,[1] seeking a declaration that the deeds of trust securing their loans on 33 properties purchased by Saticoy Bay, LLC and its subentities during Nevada's foreclosure crisis were not extinguished by those foreclosure-sale purchases. Summary judgment has twice been entered in this case—first in 2020, and then again in 2024 after the Ninth Circuit reversed the original grant of summary judgment in part because the plaintiffs had named only the master LLC and not the additional series LLCs that held title to the properties. The final judgment was a split one. It granted judgment for some of the defendants on two properties, and it declared that the deeds of trust on the remaining properties survived the foreclosure sales so the series LLC–titleholders acquired those properties subject to the plaintiffs' deeds of trust.[2]

---

[1] "Fannie Mae" is the better-known nickname for the Federal National Mortgage Association, and "Freddie Mac" is short for the Federal Home Loan Mortgage Corporation.

[2] ECF No. 164.

The defendants move to alter or amend that judgment under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.[3]  They contend that summary judgment was prematurely granted because they didn't get a fair chance to conduct discovery to determine whether the deeds of trust continue to encumber the properties today.[4]  So they ask the court to amend the final judgment to say that this issue remains a live one, put this case back at the beginning of the litigation track, and reopen discovery to let the defendants "investigate whether the loans that are claimed to be secured by their properties continue to exist or not."[5]

But as the plaintiffs point out in their opposition to this motion, this is merely a repackaging of issues that this court thoroughly considered—and rejected—when granting summary judgment the last time.[6]  Neither Rule 59(e) nor Rule 60(b) is intended to be used as a vehicle for rehashing.  A motion under Rule 59(e) may be granted only if "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based, (2) the moving party presents newly discovered or previously unavailable evidence, (3) the motion is necessary to prevent manifest injustice or (4) there is an intervening change in controlling law."[7]  While Rule 60(b) affords relief from a final judgment for a broader list of circumstances, the Ninth Circuit has recognized that lower courts are right to deny such a motion when based on previously raised arguments.[8]

---

[3] ECF No. 166.

[4] *Id*. at 7.

[5] *Id*. at 6–9.

[6] ECF No. 167.

[7] *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1043 (9th Cir. 2016) (internal citations and quotations omitted) (emphasis deleted) (cleaned up).

[8] *See, e.g.*, *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) ("Since Maraziti's Rule 60(b) motion merely reiterated the arguments that he had already presented to the district court, the motion was properly denied.").

1    As I noted in my prior order, "[t]he defendants did not file a substantive opposition to the

2    merits of plaintiffs' motion for summary judgment; they filed only a motion for discovery under

3    FRCP 56(d)."[9]  So the defendants' insistence that summary judgment would be premature and

4    that they deserve the opportunity to conduct discovery to test whether the plaintiffs' mortgages

5    on their properties have been reconveyed was not *an argument* from the defendants, it was *the*

6    *argument*.[10]  And I disposed of it directly.  Under the heading "The defendants' FRCP 56(d)

7    request to reopen discovery does not compel the denial of summary judgment or a delay of the

8    court's decision," I addressed and rejected each of the defendants' points rehashed here and

9    ultimately concluded that "the defendants have not satisfied Rule 56(d) by identifying facts that

10   require further discovery before they can fairly present them in opposition to the lenders' motion

11   for summary judgment."[11]  Although the defendants have restyled this plea for additional

12   discovery and delay of judgment as a challenge to the entry of summary judgment, their

13   arguments are materially retreaded.  Because I have already addressed and rejected these

14   theories, the Federal Rules of Civil Procedure are not designed to give losing parties an

15   opportunity to rehash losing arguments, and the defendants have not otherwise satisfied Rules

16   59(e) or 60(b), I deny the motion to alter or amend the judgment.

17                                          **Conclusion**

18            IT IS THEREFORE ORDERED that the defendants' motion to alter or amend the

19   judgment **[ECF No. 166] is DENIED.**

20   _____
     U.S. District Judge Jennifer A. Dorsey
21   September 11, 2025

22   _____
     [9] ECF No. 164 at 13 (citing ECF No. 140).
23   [10] *See generally* ECF No. 140.
     [11] *See* ECF No. 164 at 13–15.